GEORGE C. HAAS, complainant-appellant,

*v.*

HUDSON COUNTY NATIONAL BANK, defendant-respondent.

[Submitted October term, 1934. Decided February 2d, 1934.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Bigelow, who filed the following opinion:

"The court is asked to construe the provisions of a deed of trust relating to the trustee's compensation.

"The deed vested in defendant three lots of investment securities in trust to manage for ten years or until the several prior deaths of the three beneficiaries. It set up a 'committee' to aid the management of the trust estate in certain particulars. It provided:

'The Trustee or any Trustee hereafter appointed may resign or be discharged of the trusts created by this instrument by giving notice of such intended resignation and of the date set for the same to take effect to the Committee at least thirty days before the date set for such resignation to take effect, unless the Committee shall accept shorter notice.

'The Committee may, for or without cause, remove the Trustee above named or any Trustee hereafter appointed, by a written resolution served upon said Trustee, signed by all members of the Committee at the time, not less than two in number.

'In case of either the resignation or removal of any Trustee as aforesaid, the Committee shall have power by a written resolution signed by all the members of the Committee at the time, not less than two in number, to appoint' (a new Trustee) 'to fill such vacancy as Trustee and the compensation of said Substituted Trustee shall be fixed in the instrument appointing it," &c.

"The deed provided that the trustee should receive as compensation annually two per cent. of current income, and further:

'(2) Upon the termination of each trust, the Trustee shall receive from the principal of the trust an amount to be computed as follows:

'An aggregate amount shall be determined by adding together the amounts of principal held in the trust on December 31st, 1927, and on each succeeding 31st day of December until the termination of the trust and also on the date of the termination of the trust is terminated otherwise than on the 31st day of December; and the amount to be received by the Trustee at the termination of the trust shall be one per cent. of said aggregate amount divided by the number of calendar years during which the trust was in existence; for the purpose of determining the number of calendar years as aforesaid, the period from the date hereof until December 31st, 1927, and the period next preceding the date of the termination of the trust and commencing on the next preceding 31st day of December shall count as a calendar year. If such number of calendar years shall be less than ten, the amount to be paid to the Trustee shall be the proportion of the compensation determined as aforesaid which said number of calendar years bears to ten.'

"This provision entitles the trustee, upon termination of the trust, to compensation at the rate of one-tenth of one per cent. on the average amount of *corpus*. Defendant discharged its duties as trustee for six years, and then resigned. It claims compensation amounting to six-tenths of one per cent. on the average principal sum, while complainant denies that defendant is entitled to any such compensation. The decision depends upon the construction of the instrument.

"The expression 'termination of the trust,' in my opinion, included not only the final transfer of the trust estate to the beneficiary, but also the resignation or discharge of the trustee named in the deed and the transfer of the trust fund by it to a new trustee. Although in the latter case the trust would continue so far as the beneficiary is concerned, it would

terminate so far as affects the trustee named in the deed; the trust relationship between defendant and complainant, created by the deed, would end. The phrase, 'termination of the trust' is used in connection with the compensation of the trustee and must be construed in relation to that subject, so as to bring about a reasonable result. The amount of compensation on principal was made dependent upon the length of time the trustee administered the property. I cannot assume that the parties intended that defendant would be entitled to a certain compensation if it continued to manage the trust for a given period until the death of the beneficiary, but that it would receive no compensation on principal if it were removed by the committee or resigned at the close of an equal period. The value of defendant's service would be the same, regardless of the cause of termination of the service.

"Defendant argues that a party to a contract who has abandoned performance, may not claim the benefits of the contract. The defendant, in resigning as trustee, was acting in strict compliance with the contract, and was guilty of no breach thereof and of no dereliction. It may properly claim everything to which the contract entitles it.

"I conclude that the defendant should have the compensation it claims."

*Messrs. Wall, Haight, Carey & Hartpence (Mr. Albert C. Wall,* of counsel), for the appellant.

*Messrs. McDermott, Enright & Carpenter,* for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion delivered by Vice-Chancellor Bigelow in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, KAYS, HETFIELD, WELLS, DILL, JJ. 13.

*For reversal*—None.